IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith Rashik Pearson, #290277, | C/A No. 7:14-3832-TMC-JDA |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Shannon Kathleen Osterhout, #698; John George Reckenbeil; Suzanne H. White; Rodney W. Richey, | |
| Defendants. | |

Keith Rashik Pearson ("Plaintiff"), proceeding pro se, brings this civil action apparently alleging Defendants violated his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at Kershaw Correctional Institution in Kershaw, South Carolina, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## BACKGROUND

In the Complaint, Plaintiff alleges the following pertinent facts related to events that occurred on August 24, 2002, involving several individuals at a residence in Spartanburg, South Carolina. [Doc. 1 at 3–6.] "Person(s)" called emergency response because shots were fired and "person(s)" were injured. [*Id*.] Defendant Shannon Kathleen Osterhout ("Osterhout"), a patrol officer working for the Spartanburg County Sheriff's Department and driving vehicle #698, was sent to 104(A) Stone Creek Drive, Spartanburg, SC 29301. [*Id*. at 3.] Osterhout entered the apartment and performed a warrantless search and seizure. [*Id*.] Certain persons had been shot or grazed by bullets, and EMS workers entered the apartment and transported some of the persons to a hospital. [*Id*. at 3–4.] Osterhout went

to the hospital to further the investigation. [*Id*. at 4.] The same day, Plaintiff "entered himself into custody" at the Spartanburg County Detention facility, and he "fell unconscious" at the booking counter and was transported by EMS to the hospital. [*Id*.] Detective Coggins collected gun shot residue test samples from Plaintiff as he lay unconscious before he was sent to the hospital. [*Id*.] Plaintiff was treated at the hospital and released into the custody of a Spartanburg County deputy. [*Id*. at 5.] He was taken to the detention facility and placed under arrest on August 25, 2002. [*Id*.]

Plaintiff seems to allege that on January 21, 2003, after he was denied the opportunity to enter an *Alford* plea, he was represented by Defendant John G. Reckenbeil ("Reckenbeil") during a jury trial in the Spartanburg County Court of General Sessions where he was found guilty of assault and battery with intent to kill (two counts), assault with intent to kill (five counts), and discharging a firearm into a dwelling. [*Id*. at 6.] Plaintiff received a total of 28 years imprisonment, and he did not file an appeal. [*Id*.] Plaintiff alleges he filed a post-conviction relief ("PCR") action on August 11, 2003, and he was represented by Defendant Rodney W. Richey ("Richey"). He seems to allege that his PCR action was denied and dismissed, but he was granted a belated direct appeal. [*Id*.]

Plaintiff alleges he filed a subsequent PCR action on July 11, 2012. [*Id*.] Defendant Suzanne H. White ("White"), an assistant deputy attorney with the Office of the Attorney General, allegedly filed a motion to dismiss and a proposed conditional order of dismissal in that case. [*Id*.]

For his relief, Plaintiff seeks a PCR review hearing related to Osterhout's actions in 2002 when she arrived at the scene and related to the procedures used by officers

2

because, allegedly, if they had followed the correct procedures, his sentence would have been reduced. [*Id*. at 7.] He seeks an acquittal from his conviction, sentence, fines and fees. [*Id*.] He further requests that Defendants "credit loan payment books notices that may have any pendings within the State's courts of common pleas." [*Id*.]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the district court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d

1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint seems to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's claims against Reckenbeil and Richey fail to state a claim on which relief may be granted because they did not act under the color of state law.[1] Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[1] Even liberally construing the Complaint, Plaintiff also does not allege that Reckenbeil or Richey committed any misconduct in violation of the Constitution or a law of the United States.

4

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory).  Plaintiff alleges that, in January of 2003, Reckenbeil, an attorney, represented him during a criminal jury trial where he was found guilty of assault and battery with intent to kill (two counts), assault with intent to kill (five counts), and discharging a firearm into a dwelling.  Plaintiff alleges that Richey was the attorney who represented him during his PCR action filed on August 11, 2003.  There are no additional factual allegations against Reckenbeil or Richey.

An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.  *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (noting that a publicly assigned or privately retained counsel for a criminal defendant is not ordinarily considered a state actor); *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–24 & nn. 8–16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 & nn. 2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney).

In *Hall*, the district court had disposed of the case against a physician and a court-appointed attorney on grounds of immunity.  Although affirming the district court's order, the Court of Appeals indicated that lower courts should first determine whether state action occurred:

> [I]mmunity as a defense only becomes a relevant issue in a case such as this if the court has already determined

5

> affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

*Hall*, 631 F.2d at 1155 (citations omitted); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). Because attorneys Reckenbeil and Richey are not alleged to have acted under color of state law, Plaintiff fails to state a cognizable claim against them under 42 U.S.C. § 1983. Thus, this Court should dismiss them.

Plaintiff also sues a different attorney involved with his 2012 PCR action—White, an assistant deputy attorney with the Office of the Attorney General, who allegedly filed a motion to dismiss and a proposed conditional order of dismissal. Plaintiff's claim against White is barred by the doctrine of prosecutorial immunity. In South Carolina, the Attorney General is the chief prosecuting officer of the State of South Carolina. *See* S.C. Code Ann., S.C. CONST Art. V, § 24 (1995). The South Carolina Attorney General and the South Carolina Assistant Attorney Generals have absolute immunity from personal liability under 42 U.S.C. § 1983 because they are entitled to prosecutorial immunity for activities intimately associated with the judicial phase of the criminal process. *See Williams v. Condon*, 553 S.E.2d 496 (S.C. App. 2001); *see also Garrett v. McMaster*, 7:07-2952-HFF-WMC, 2008 WL 3411673, at * 5–6 (D.S.C. Aug. 11, 2008) (finding that the Attorney General and a former Assistant Attorney General had prosecutorial immunity for conduct related to presenting the State's case); *cf. Van de Kamp v. Goldstein*, 555 U.S. 335 (2009) (noting that prosecutors have absolute immunity from § 1983 actions unless the conduct

involves administrative duties such as workplace hiring, payroll administration, or the maintenance of physical facilities). A prosecutor's "protected activities include, but are not limited to, prosecutorial actions and decisions related to ancillary civil proceedings such as PCR actions." *Wilder v. Brooks*, C/A No. 3:08-3089-MBS-JRM, 2009 WL 291065, at *4 (D.S.C. Feb. 4, 2009), *appeal dismissed*, 332 F. A'ppx 899 (4th Cir. 2009).

In this case, Plaintiff seems to allege that White wrongfully filed certain documents in Plaintiff's PCR legal proceedings on behalf of South Carolina seeking to uphold his conviction. This alleged conduct is intricately related to the judicial process and to the State's involvement in upholding a conviction. *See Id.* (noting that in South Carolina the Attorney General's Office supplies attorneys who represent the State in PCR actions and those attorneys serve as prosecutors because they urge the PCR judge to uphold the criminal sentence under attack). Therefore, White has absolute immunity from this suit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

Moreover, Plaintiff's § 1983 claim against Osterhout should be dismissed. Plaintiff sues Osterhout, the investigating officer, because she allegedly violated his Fourth Amendment rights by conducting a warrantless search and seizure during her investigation of the crime scene. However, Plaintiff cannot bring such a claim because his conviction has not yet been invalidated. In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the Supreme Court pronounced,

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

7

> expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.*

Further, the Supreme Court stated that,

> . . . when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008).

The *Heck* holding squarely applies to this case. Plaintiff alleges a jury in the Spartanburg County Court of General Sessions found him guilty of several criminal counts in 2003. Plaintiff does not allege that his conviction has been invalidated, for example, by a reversal on direct appeal or a state or federal court's issuance of a writ of habeas corpus. A favorable determination on the merits of Plaintiff's § 1983 claim against Osterhout would imply that Plaintiff's criminal conviction and sentence, which he is currently serving, were invalid. Because Plaintiff has not alleged that he already has successfully challenged the lawfulness of his state court conviction, this § 1983 claim should be dismissed because a right of action has not accrued.[2]

---

[2] Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. *See Morris v. Cardillo*, C/A No. 0:10-443-JFA-PJG, 2010 WL 2722997, at *2 (D.S.C. April 15, 2010), *adopted by* 2010 WL 2722992 (D.S.C. July 9, 2010).

Lastly, certain relief sought by Plaintiff—an acquittal of his conviction, a lesser sentence, and a PCR review hearing—is not available in this civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (attacking the length of duration of confinement is within the core of habeas corpus).

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

                                                      s/ Jacquelyn D. Austin
                                                      United States Magistrate Judge

November 4, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).